Filed 12/10/25  P. v. James CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. BRYAN JAMMAHL JAMES, Defendant and Appellant. | B343470 (Los Angeles County Super. Ct. No. XSCTA117910) |

THE COURT:

Bryan Jammahl James appeals the trial court's denial of his Penal Code section 1172.6[1] petition for resentencing on the ground he was ineligible for relief as a matter of law. We appointed counsel to represent James on appeal, who filed a brief raising no issues and requesting we apply the review framework established by *People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232 (*Delgadillo*). Accordingly, James was notified of his right to file a supplemental brief, which he duly filed. (See *ibid.*) We are "required to evaluate the specific arguments presented in that brief and to issue a written opinion," but

---

[1]     Undesignated statutory references are to the Penal Code.

we need not and do not conduct "an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

We have considered James's supplemental brief and conclude none of his arguments has merit. We affirm.

## FACTUAL BACKGROUND

On December 7, 2008, James committed a drive-by shooting in Los Angeles with fellow gang member Michael Lancaster.[2] They shot at a car occupied by rival gang member Dedric W.[3] and three of his relatives. Dedric was uninjured, but two occupants were wounded and one was killed.

## PROCEDURAL HISTORY

On May 18, 2012, James was convicted of murder (§ 187, subd. (a); count 1) and three counts of attempted murder (§§ 187, subd. (a), 664, subd. (a); counts 2, 3 & 4). The jury found the murder was of the first degree (§ 189, subd. (a)) and the attempted murder of Dedric (count 4) was willful, deliberate, and premeditated. As to all counts, the jury found James personally and intentionally discharged a firearm causing death or great bodily injury, he personally and intentionally discharged a firearm, and he personally used a firearm. (See § 12022.53, subd. (b), (c), (d).) The jury also found the crimes were committed for the benefit of, at the direction of, and in association with a criminal street gang. (See § 186.22, subd. (b)(1)(C).)

James was sentenced on September 6, 2012, to 180 years to life and to a consecutive determinate sentence of 56 years. This court affirmed James's conviction on April 4, 2014, but directed the trial

---

[2]    This factual summary is provided for context and is drawn from our prior opinion affirming James's conviction (*People v. Lancaster* (Apr. 4, 2014, B242207) [nonpub. opn.]) (*Lancaster*)). (See *Delgadillo, supra,* 14 Cal.5th at p. 222, fn. 2.)

[3]    We refer to the surviving victim by his first name and last initial. (See Cal. Rules of Court, rule 8.90(b)(4).)

court to correct the abstract of judgment to reflect its oral pronouncement of judgment. (*Lancaster, supra,* B242207.)

On June 7, 2024, James filed a section 1172.6 petition for resentencing in propria persona and requested appointment of counsel. The trial court appointed counsel to represent James, and after a hearing, the court determined James failed to make a prima facie case for relief. (See § 1172.6, subd. (c).) On January 10, 2025, the trial court entered an order denying James's petition on the ground he was ineligible for resentencing relief as a matter of law. (See *People v. Antonelli* (2025) 17 Cal.5th 719, 724 (*Antonelli*).) James timely appealed. (See § 1237, subd. (b); Cal. Rules of Court, rule 8.308(a).)

## DISCUSSION

Section 1172.6, subdivision (a), allows criminals "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime," and those convicted of "attempted murder under the natural and probable consequences doctrine," to file a resentencing petition in certain circumstances. (*Ibid.*) "[T]he section 1172.6 petitioning 'process begins with the filing of a petition containing a declaration that all requirements for eligibility are met ([§ 1172.6], subd. (b)(1)(A)), including that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189." ' " (*Antonelli, supra*, 17 Cal.5th at p. 724; see also § 1172.6, subd. (a)(3).)

The changes to sections 188 and 189 "altered the substantive law of murder in two areas": they "narrowed the application of the felony-murder rule" and imposed a new requirement that " 'a principal in a crime shall act with malice aforethought.' " (*People v. Curiel* (2023) 15 Cal.5th 433, 448–449; see also §§ 188, subd. (a)(3), 189, subd. (e).) That latter change ultimately had the effect of eliminating liability for both murder and attempted murder as an aider and

3

abettor under the natural and probable consequences doctrine. (*Curiel*, at p. 449 [murder]; *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 456–457 [attempted murder].)

When a petitioner files a facially adequate section 1172.6 petition, the trial court "afford[s] the parties an opportunity to submit briefing [and] 'hold[s] a hearing to determine whether the petitioner has made a prima facie case for relief.' " (*Antonelli*, *supra*, 17 Cal.5th at p. 724.) If the court concludes the petitioner has made a prima facie showing, it issues an order to show cause, but " '[i]f the petition and the record . . . establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.' " (*Ibid.*)

Here, the trial court denied James's petition at the prima facie stage on the ground the record conclusively established he was ineligible for relief as a matter of law. James argues that was wrong because he is entitled to a reduced sentence under a variety of recent legislative enactments. But crucially, his brief does not discuss his eligibility for resentencing relief *pursuant to section 1172.6*–the relevant statute here. Section 1172.6 relief is available in certain limited circumstances, including when " ' "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189." ' " (*Antonelli*, *supra*, 17 Cal.5th at p. 724; see also § 1172.6, subd. (a)(3).) Because James's arguments "do not relate to the changes to section 188 or 189," they do not help him to show the trial court erred in denying his section 1172.6 petition. (See *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1168; see also *id.* at p. 1167 [a petitioner cannot use a resentencing "petition as a vehicle for collaterally attacking the judgment"].)

Instead, James contends he is entitled to resentencing under Assembly Bill No. 333 (2021–2022 Reg. Sess.) relating to gang enhancements; section 1170, subdivision (b)(6); and section 1172.75.

Even if those arguments had any merit,[4] we do not consider them because they were not presented to the trial court. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881 [explaining general rule of forfeiture].)

## DISPOSITION

The order is affirmed.

_____

CHAVEZ, Acting P. J.        RICHARDSON, J.        SIGGINS, J.*

---

[4] The first two purported grounds apply only to convictions not final at the time the legislation was enacted. (See *People v. Lopez* (2021) 73 Cal.App.5th 327, 343–344 [Assem. Bill No. 333 applies to judgments not yet final in Jan. 2022], disapproved on other grounds by *People v. Clark* (2024) 15 Cal.5th 743, 764, fn. 8; *People v. Achane* (2023) 92 Cal.App.5th 1037, 1042 [§ 1170, subd. (b)(6) applies to judgments not final in Jan. 2022].) And section 1172.75 "does not contemplate resentencing relief initiated by any individual defendant's petition," let alone an individual defendant's petition filed under the auspices of section 1172.6. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384; see also § 1172.75, subds. (b)–(c).)

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.